Michael Yancey III, NV Bar No. 16158
**CONSUMER JUSTICE LAW FIRM PLC**
2300 West Sahara Avenue, Suite 800
Las Vegas, Nevada 89102
Phone: (480) 573-9272
Fax: (480) 613-7733
Email: myancey@consumerjustice.com

Consumer Justice Law Firm
8095 N. 85th Way
Scottsdale, AZ 85258

*Attorney for Plaintiffs*
*Mark and Anna Ceralde*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MARK CERALDE and ANNA CERALDE, | Case No.: 2:25-cv-306-JCM-MDC |
| Plaintiffs, | |
| v. | **JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER** |
| EQUIFAX INFORMATION SERVICES, LLC, | |
| Defendant. | |

Plaintiffs Mark and Anna Ceralde ("Plaintiffs") and Defendant Equifax Information Services, LLC (Defendant), collectively referred to as "the Parties", pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), move for entry of a Protective Order in the form attached as Exhibit A.

This is an action arising out of alleged violations of the Fair Credit Reporting Act. The Parties are engaged in discovery, specifically depositions and production of documents in this

case pursuant to the Federal Rules of Civil Procedure. Many of the documents expected to be produced in this case contain confidential and proprietary information that could be used by Defendant's competitors to gain an unfair advantage. The Parties therefore respectfully request the entry of the attached Protective Order to protect information already disclosed or information to be disclosed in the future in the discovery process.

**Memorandum of Law**

Under the Federal Rules of Civil Procedure, Rule 26(c), a protective order should be granted when the moving party establishes "good cause" for the order and justice requires that a protective order issue "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed.R.Civ.P. 26(c). A motion for protective order may be made by "a party or by the person from whom discovery is sought." *Id.* The burden of showing that good cause for the protective order exists is on the moving party. In order to establish good cause, the moving party "must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). Even if good cause for a protective order is shown, "the court must still balance the interests in allowing discovery against the relative burdens to the parties (and nonparties)." *See Advanced Semiconductor Materials Am., Inc. v. Applied Materials, Inc.*, 1996 U.S. Dist. LEXIS 21459, *8 (N.D. Cal. 1996);

*In re Wilkerson v. Riffage*, No. C-03-04926 RMW, 2004 U.S. Dist. LEXIS 34115, at *8-9 (N.D. Cal. Dec. 17, 2004)

Here, the information that will likely be sought in discovery as this case progresses may include information about Defendant's processes for receiving, maintaining, and evaluating confidential consumer and background check information. Rather than burdening the Court and delaying discovery in this case by objecting to disclosure of such information and requiring a document-by-document review to determine confidentiality, the Parties seek an umbrella protective order which permits them to designate certain information as confidential. In the event that any party to this litigation disagrees at any point in these proceedings with any designation

made under this Protective Order, the Parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court.

For the foregoing reasons, the Parties respectfully request the entry of the attached Protective Order.

RESPECTFULLY SUBMITTED this 13th day of May 2025.

| | |
|---|---|
| *By://Michael Yancey III* | *By: /s/ Gia N. Marina* |
| Michael Yancey III, NV Bar No. 16158 | GIA N. MARINA |
| 2300 West Sahara Avenue, Suite 800 | Nevada Bar No. 15276 |
| Las Vegas, Nevada 89102 | 1700 South Pavilion Center Drive, Suite 500 |
| Phone: (480) 573-9272 | Las Vegas, Nevada 89135 |
| Fax: (480) 613-7733 | E-mail: gmarina@clarkhill.com |
| Email: myancey@consumerjustice.com | Telephone: (702) 862-8300; |
| | Fax: (702) 778-9709 |
| Consumer Justice Law Firm | |
| 8095 N. 85th Way | *CLARK HILL PLLC* |
| Scottsdale, AZ 85258 | |
| | |
| *Attorney for Plaintiffs* | *Attorney for Defendant* |
| *Mark and Anna Ceralde* | *Equifax Information Services LLC* |

### **CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

**CONSUMER JUSTICE LAW FIRM**

*By: /s/Amanda Dakroub*
Amanda Dakroub

3

Yancey Michael Yancey III, NV Bar No. 16158
**CONSUMER JUSTICE LAW FIRM PLC**
2300 West Sahara Avenue, Suite 800
Las Vegas, Nevada 89102
Phone: (480) 573-9272
Fax: (480) 613-7733
Email: myancey@consumerjustice.com


Consumer Justice Law Firm
8095 N. 85th Way
Scottsdale, AZ 85258


*Attorney for Plaintiffs*
*Mark and Anna Ceralde*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MARK CERALDE and ANNA CERALDE, | Case No.:2:25-cv-306-JCM-MDC |
| Plaintiffs, | |
| v. | **AGREED PROTECTIVE ORDER** |
| EQUIFAX INFORMATION SERVICES, LLC, | |
| Defendant. | |

    The Parties to this action have agreed to the terms of this Protective Order accordingly; it is **ORDERED**

1  **Definitions.** As used in this protective order:
   (a)   "attorney" means an attorney who has appeared in this action or is an employee of any name firm and actively assisting an attorney of record in the matter;

   (b)   "confidential" means a document reasonably designated as confidential under this protective order;

1

(c) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party reasonably contends that it contains confidential or proprietary information.

(d) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential." Deposition testimony may be designated as confidential:

    (1) after the deposition, by notifying the parties and those who were present at the deposition within 21 days after the deposition transcript becomes available, unless otherwise agreed.

(e) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3  Who May Receive a Confidential Document**

(a) "All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration, or otherwise, that refers, reflects, or otherwise discusses any information designated "confidential" hereunder), shall not be used, directly or indirectly, by any person or party for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order."

(b) No person receiving a confidential document may reveal it, except to:

    (1) the court and its staff;

2

  (2) an attorney or an attorney's partner, associate, or staff;

  (3) a person shown on the face of the confidential document to have authored or received it;

  (4) a court reporter or videographer retained in connection with this action;

  (5) any juror or alternative juror;

  (6) Experts retained in connection with this action;

  (7) Any witness in this action who has received the "Acknowledgement of Understanding" (Exhibit A);

  (8) Professional jury, trial consultants, mock jurors, and professional vendors, who have received the "Acknowledgement of Understanding" (Exhibit A);

  (9) any person who is retained to assist a party or attorney with this action, who has received the "Acknowledgement of Understanding" (Exhibit A);

 (c) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**4** **Corrective an Error in Designation. .** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

**5** **Use of a Confidential Document in Court**

 (a) Filing. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information

subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal. The parties shall comply with the Court's local rule governing filing under seal. This protective order, however, does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with the Court's local rule governing the filing of sealed documents.

**6   Changing a Confidential Document Designation**

(a) Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b) Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c) Changing a designation by court order. If a party challenges the confidentiality designation of a document, the parties shall meet and confer concerning that issue-within 10 days from the date the challenge is made. If the parties cannot agree after they meet and confer, the designating party may file a motion seeking entry of a protective order concerning the specific document, seeking to have the Court designate it as confidential. That motion shall be filed no later than 21 (twenty-one) days after the parties meet and confer as discussed earlier in this paragraph. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

(d) If any party seeks to file with the Court any material designated as being Protected Material or Confidential, such party shall first file a motion with the Court seeking permission to file that material under seal pursuant to LR 1A 10-5 and *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), and explaining why redaction is not feasible.  If the Court authorizes filing the documents under seal, that party must comply with LR IC 4-1(c) which requires service of documents in paper form when filed under seal.

(e)     If the motion affects a document produced by a non-party, then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party.  The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**7      Handling a Confidential Document after Termination of Litigation**

(a)     Within 60 days after the termination of this action (including any appeals), each party must:

(1)     return or destroy all confidential documents.

(b)     Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court and each attorney may retain records as required by the professional rules of conduct for lawyers.

**8      Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a)   Notice

(1)     A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection.  If

5

the party or non-party provides such notice and description, the privilege or protection is not waived.

(2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

**9   Security Precautions and Data Breaches**

(a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

(b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**10   Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

**IT IS SO ORDERED**

Dated: 5/14/2025

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

Any disputes regarding this agreement or the confidential designation of material must be resolved pursuant to the Court's 02/18/2025 Standing Order (ECF No. 4).

AGREED TO:

*By://Michael Yancey III*
Michael Yancey III, NV Bar No. 16158
2300 West Sahara Avenue, Suite 800
Las Vegas, Nevada 89102
Phone: (480) 573-9272
Fax: (480) 613-7733
Email: myancey@consumerjustice.com

Consumer Justice Law Firm
8095 N. 85th Way
Scottsdale, AZ 85258

*Attorney for Plaintiffs*
*Mark and Anna Ceralde*

*By: /s/Gia N. Marina*
GIA N. MARINA
Nevada Bar No. 15276
1700 South Pavilion Center Drive, Suite 500
Las Vegas, Nevada 89135
E-mail: gmarina@clarkhill.com
Telephone: (702) 862-8300;
Fax: (702) 778-9709

CLARK HILL PLLC

*Attorney for Defendant*
*Equifax Information Services LLC*

| | |
|---|---|
| MARK CERALDE and ANNA CERALDE<br><br>Plaintiffs,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Case No.:2:25-cv-306-JCM-MDC<br><br>**EXHIBIT A**<br><br>**ACKNOWLEDGEMENT OF UNDERSTANDING** |

I have read and understand the protective order in the case captioned Ceralde, Mark and Anna. *v. Equifax Information Services,, LLC* Case No. 2:25-cv-306-JCM-MDC, in the United States District Court for the District of Nevada. As soon as my work in connection with that action has ended, but not later than 60 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

Date:_____    _____
Signature

_____
Printed Name

8